UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AVERY MCCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1453 CAS |
| ) | |
| SANTIAGO HALLAZAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for reconsideration of the Court's order denying his motion to proceed in forma pauperis. The motion will be granted. Plaintiff will be granted leave to proceed in forma pauperis, and the Court will order the Clerk to issue process on the non-frivolous portions of the complaint.

### **28 U.S.C. § 1915(b)**

Normally, 28 U.S.C. § 1915(b)(1) requires a prisoner to pay the full amount of the filing fee. The Court calculates an initial partial filing fee based on 20 percent of the prisoner's average monthly deposit or average monthly balance. In this case, prisoner has not had any funds in his prison account for the six-month period prior to the complaint. As a result, the Court will allow plaintiff to proceed without paying any portion of the filing fee.

### **28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**28 U.S.C. § 1915(g)**

Title 28 U.S.C. § 1915(g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prisoner has at least three "strikes" under 28 U.S.C. § 1915(g). As a result, he may not proceed in forma pauperis unless the Court finds that he is in imminent danger of serious physical injury. For the reasons stated below, the Court finds that plaintiff has made a sufficient showing to be granted in forma pauperis status.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged medical mistreatment. Named as defendants are Santiago Hallazago (Physician, Correctional Medical Services) and Correctional Medical Services ("CMS"). The complaint seeks monetary relief.

Plaintiff alleges that he has pain and swelling in both feet. Plaintiff claims that the swelling is so severe that he cannot wear any type of shoe. Plaintiff claims that he has asked for medical care but that no one will give him any type of treatment.

**Discussion**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976);

Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against defendant CMS, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993).

Plaintiff's allegations that he has severe swelling in his feet are sufficient to state a claim against defendant Hallazago for deliberate indifference to his medical needs. Additionally, the allegations are of a serious and continuing nature such as to justify allowing plaintiff to proceed in forma pauperis.

The allegations against CMS fail to state a claim under 42 U.S.C. § 1983 because plaintiff has not alleged that a policy of CMS has caused his injuries. As a result, CMS will be dismissed from this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration is **GRANTED**. [Doc. 6]

**IT IS FURTHER ORDERED** that the Order of September 27, 2007 is **VACATED**. [Doc. 5]

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that defendant Correctional Medical Services is **DISMISSED** from this case.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to be issued as to defendant Santiago Hallazago, who is alleged to be a physician for Correctional Medical Services.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendant Santiago Hallazago shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate order of partial dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of October, 2007.