# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| AVERY MCCOY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:07-CV-1453 CAS |
| SANTIAGO HALLAZAGO, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for summary judgment. Remaining defendant Hallazago seeks additional time to complete discovery in this matter, and requests that the Court deny plaintiff's motion for summary judgment without prejudice.

Plaintiff filed this action on August 15, 2007. An initial review of plaintiff's complaint was done on September 27, 2007 pursuant to 42 U.S.C. § 1915(e). On that date, the Court denied plaintiff's motion for leave to proceed in forma pauperis on the basis that plaintiff had three or more prior cases dismissed as frivolous or for failure to state a claim, and the complaint did not indicate that plaintiff was under "imminent danger of serious physical injury." Order of Sept. 27, 2007 at 2-3 (Doc. 5).

October 24, 2007, the Court granted plaintiff's motion for reconsideration, granted plaintiff's motion to proceed in forma pauperis, and again reviewed the complaint pursuant to 42 U.S.C. § 1915(e). See Mem. and Order of Oct. 24, 2007 (Doc. 7). The Court dismissed plaintiff's claims against Correctional Medical Services and ordered the Clerk of Court to issue process on defendant

Santiago Hallazago. Id. at 2-3. Defendant Hallazago filed his Answer to plaintiff's complaint on December 7, 2007 (Doc. 16), just six days before plaintiff filed his motion for summary judgment.

Pursuant to this Court's Case Management Order, the parties have until March 10, 2008 to complete discovery in this matter. (Doc. 17). Because this case is still in its initial stages and discovery has not yet been completed, it is appropriate for the Court to deny plaintiff's motion without prejudice.

Plaintiff's motion for summary judgment also fails to meet the requirements of Federal Rule of Civil Procedure 56. Pursuant to Rule 56(c), a court may grant a motion for summary judgment if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The initial burden is placed on the moving party. City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc., 838 F.2d 268, 273 (8th Cir. 1988) (the moving party has the burden of clearly establishing the non-existence of any genuine issue of fact that is material to a judgment in its favor). Plaintiff's motion for summary judgment does not establish the non-existence of any genuine issue of material fact and therefore is properly denied for that reason also.

Finally, plaintiff's motion fails to comply with Local Rule 4.01(E), which requires a movant to provide to the Court, in addition to his memorandum in support of a motion for summary judgment, a separate written statement of uncontroverted material facts supported by citations to the record. Any future motion for summary judgment filed by plaintiff shall comply with Local Rule 4.01(E), or will be subject to denial on that basis.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment is **DENIED** without prejudice. [Doc. 18]

                                                    */s/ Charles A. Shaw*
                                                  **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of January, 2008.