# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AVERY MCCOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1453 CAS |
| ) | |
| SANTIAGO HALLAZAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion to substitute "the appropriate party to this cause" as a result of the death of defendant Hallazago. Attorneys for the defendant have not responded to plaintiff's motion.

Plaintiff, an inmate at the St. Louis City Justice Center, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Santiago Hallazago, a physician, and the entity which employed Hallazago, Correctional Medical Services ("CMS"). Plaintiff alleged that defendants acted with deliberate indifference to the pain and swelling in his feet. On October 24, 2007, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and dismissed CMS because plaintiff had failed to allege that a policy of CMS caused his injuries. Plaintiff was allowed to proceed with his case against defendant Hallazago.

On March 7, 2008, attorneys for defendant Hallazago filed a Suggestion of Death pursuant to Federal Rule of Civil Procedure 25(a)(1), but did not indicate the proper party to be substituted. As noted above, plaintiff seeks substitution of a new defendant, although he has not identified the party he wishes to substitute.

A review of plaintiff's complaint shows that the complaint is silent as to whether defendant Hallazago is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Thus, although plaintiff named Santiago Hallazago as a defendant in this action, his failure to allege the capacity in which Hallazago was being sued means that his lawsuit is really against the entity that employed Hallazago, CMS. Accordingly, the Court will grant plaintiff's motion to substitute and substitute CMS as the proper defendant in this action.

As the Court observed in the Memorandum and Order of October 24, 2007, however, to state a claim against CMS, plaintiff had to have alleged that a policy or custom of CMS was responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). Plaintiff's complaint fails to meet this standard. As a result, the complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to substitute is **GRANTED**. [Doc. 25]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall substitute Correctional Medical Services for Santiago Hallazago as the defendant in this action.

**IT IS FURTHER ORDERED** that defendant Correctional Medical Services is **DISMISSED** from this case, pursuant to 28 U.S.C. § 1915(e) and this Court's October 24, 2007 Memorandum and Order and Order of Partial Dismissal.

**IT IS FURTHER ORDERED** that plaintiff's motion for pretrial conference is **DENIED as moot**. [Doc. 27]

A separate Order of Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of March, 2008.